UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X    Case No.
ERIC ALI,

        Plaintiff,

                                    COMPLAINT IN CIVIL CASE
                                    JURY TRIAL DEMANDED

  -against-

ANTHONY J. ANNUCCI, ACTING COMMISSIONER
OF NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION
and CORRECTION OFFICER T. ELEAZAR RAMOS
SHIELD NO. 7217.

        Defendants.
------------------------------------------------------------------ X

Plaintiff, ERIC ALI, by his attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

1. This is a civil rights action brought by plaintiff Eric Ali ("Mr. Ali" or "Plaintiff") for damages pursuant to 42 U.S.C. § 1983. Whilst in the custody of the New York State Department of Corrections and Community Supervision (hereinafter "DOCCS") and detained at the New York County Supreme Court, Criminal Term the defendant's showed and evinced a depraved indifference to the safety, well-being and security of the plaintiff.

## JURISDICTION AND VENUE

2. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3-4).

4. The acts complained of occurred in the Southern District of New York and venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Eric Ali is a resident of New York, New York but resided at Rikers Island at the time of the incident.

6. The New York State Department of Correction and Community Supervision is an agency duly formed and created, and acting under the control of The State of New York.

7. Defendant, Anthony J. Annucci, is the Acting Commissioner of the New York State Department of Correction and Community Supervision

8. At all times relevant to this lawsuit, Defendant, Anthony J. Annucci, as Acting Commissioner of the New York State Department of Correction and Community Supervision acted under color of the laws of the State of New York. Defendant, Anthony J. Annucci is being sued individually and in his official capacity.

9. The New York State Department of Correction and Community Supervision Acting Commissioner Anthony J. Annucci ("Commissioner") was at all times herein relevant the Acting New York State Department of Correction and Community Supervision Acting Commissioner and, as such, was a policy maker with respect to training, supervision, and discipline of DOCCS officers, including the other individual defendant. On information and belief, defendant Annucci, as Acting Commissioner of DOCCS, was responsible for the policy, practice, supervision, implementation, and conduct of all DOCCS matters and was responsible for the appointment, training, supervision, and conduct of all DOCCS personnel, including

the defendant referenced herein. As Acting Commissioner, defendant Annucci is also responsible for the care, custody, and control of all inmates in the New York State Supreme Court System. As Acting Commissioner, Annucci was provided with reports of applications of force, allegations of unreported use of force, and other breaches of security by DOCCS personnel. In addition, at all relevant times, defendant Annucci was responsible for enforcing the rules of the DOCCS, and for ensuring that DOCCS personnel obey the laws of the United States and of the State of New York. Defendant Annucci is sued in his individual capacity

10. At all relevant times, Correction Officer, T. Eleazar Ramos (hereinafter "Ramos") shield number 7217 was an officer within the New York State Department of Corrections and Community Supervision and was assigned to New York State Supreme Court, New York County, Criminal Term, acting in the capacity of an agent, employee of New York State Department of Corrections and Community Supervision. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant Ramos is sued in his individual capacity.

11. At all times relevant to this lawsuit, Defendants acted under color of the laws of the State of New York.

12. This action is brought pursuant to 42 U.S.C. §1983, which prohibits the violation, under "color of state law" of rights secured by the Constitution and laws of the United States of America.

## STATEMENT OF FACTS

13. On July 21, 2015 the plaintiff appeared before the Honorable Judge Charles H. Solomon, Supreme Court, New York County, Criminal Term on a pending criminal matter. After what was a boisterous appearance where the plaintiff loudly voiced his concerns about his case and how it was proceeding to Judge Solomon he was handcuffed by defendant Ramos. Ramos handcuffed the plaintiff unnecessarily and excessively tight in order to administer pain upon the plaintiff and punish him for the aforementioned display in Court.

14. As a result the plaintiff started to experience significant numbness and tingling in his left wrist. The defendant then in allegedly attempting to open the handcuffs broke the key in the lock to the handcuff thereby extending the period of time that plaintiff was left in a state of extreme discomfort and loss of feeling in his arm. After significant delay the New York City Fire Department was called as a result of the direction of Judge Solomon. The New York City Fire Department were ultimately successful in removing the handcuffs. However, plaintiff was left with permanent injury and continues to suffer from loss of use of his hand as a result of the actions of the defendants.

## FIRST CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983

15. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

16. By reason of the foregoing and by intentionally handcuffing the plaintiff in a manner to ensure an affliction of severe pain and discomfort and subsequently delaying the handcuffs

being removed the defendants deprived plaintiff of his rights, privileges, protections and immunities guaranteed to him pursuant to 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from deliberate indifference to safety and medical needs.

17. Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment as New York City Department of Correction officers and employees.  Said acts by defendants were beyond the scope of their jurisdiction, without authority of law and in abuse of their powers.  These defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

18. As a direct and proximate result of the misconduct and abuse of authority the plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983

19. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

20. Defendant Annucci, through the DOCCS, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of officers physically abusing inmates. This widespread policy of failing to have officers properly trained to interact with inmates appropriately constituted a municipal policy, practice and custom that led to plaintiff's injuries.

21. By permitting, tolerating and sanctioning a persistent and widespread policy, practice and custom pursuant to which plaintiff was subjected to an intentional and malicious disregard

for his safety and security, defendant Annucci has deprived plaintiff of rights privileges, protections and immunities guaranteed to him pursuant to 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from deliberate indifference to his safety and well-being.

22. As a direct and proximate result of the misconduct the plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM FOR RELIEF PURSUANT TO 42 U.S.C § 1985

23. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

24. The individual defendants conspired for the purposes of directly depriving plaintiff of his right to be free from deliberate indifference to his safety and medical needs pursuant to the Fourteenth Amendment to the United States Constitution, and are liable to plaintiff under 42 U.S.C. § 1985.

25. Defendants formed agreements with each other to act in concert to inflict unconstitutional injuries on plaintiff, namely to handcuff him excessively tight and then break the key in the lock so as to delay the infliction of pain and discomfort on the plaintiff. The officers then delayed obtaining the necessary help to have the handcuffs removed. The officers acted in furtherance of the goal of inflicting as much pain and discomfort as outlined herein.

26. As a direct and proximate result of the misconduct and abuse of authority the plaintiff sustained the damages hereinbefore alleged.

### PRAYERS FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all the defendants jointly and severally;

(b) Punitive damages against the individual Defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
February 29, 2016

Adrian A. Ellis, LLC
By: Adrian A. Ellis, Esq. (5276)
26 Court Street, suite 1600
Brooklyn, New York 11242