UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X    Case No. 16 CV 01994

ERIC ALI,

        Plaintiff,         **FIRST AMENDED COMPLAINT IN CIVIL CASE**
                                                                   **JURY TRIAL DEMANDED**

    -against-

LAWRENCE K. MARKS, CHIEF OF PUBLIC SAFETY,
NEW YORK STATE'S OFFICE OF COURT
ADMINISTRATION, COURT OFFICER T. ELEAZAR
RAMOS SHIELD NO. 7217. and COURT OFFICER
JOHN DOE 1

        Defendants.
------------------------------------------------------------------ X

Plaintiff, ERIC ALI, by his attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

1. This is a civil rights action brought by plaintiff Eric Ali ("Mr. Ali" or "Plaintiff") for damages pursuant to 42 U.S.C. § 1983. Whilst in the custody of the New York State Office of Court Administration and detained at the New York County Supreme Court, Criminal Term the defendants showed an evinced and depraved indifference to the safety, well-being and security of the plaintiff.

## JURISDICTION AND VENUE

2. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3-4).

4. The acts complained of occurred in the Southern District of New York and venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Eric Ali is a resident of New York, New York but resided at Rikers Island at the time of the incident.

6. That at all times hereinafter mentioned, defendant Hon. Lawrence K. Marks (hereinafter "Judge Marks") was and is the Chief Administrative Judge for New York State Office of Court Administration (hereinafter "OCA"). OCA pursuant to delegated authority from the Chief Administrator of the Courts, as authorized by §28 of Article 6 of the New York State Constitution, was and still is responsible for the administration and operation of the Unified Court System in the State of New York.

7. Judge Lawrence K. Marks was at all times herein relevant a policy maker with respect to training, supervision, and discipline of New York State Court Officers including defendant Ramos defendant and the unidentified Court Officer, John Doe. On information and belief, Judge Marks was responsible for the policy, practice, supervision, implementation, and conduct of all administrative matters relating to the OCA and was responsible for the appointment, training, supervision, and conduct of all OCA personnel, including the defendants referenced herein. OCA is also responsible for the care, custody, and control of all inmates in the New York State Supreme Court System. Judge Marks was provided with reports of applications of force, allegations of unreported use of force, and other breaches of security by New York State Court Officers. In addition, at all relevant times, Judge Marks was

responsible for enforcing the rules of the OCA and for ensuring that New York State Court Officers obey the laws of the United States and of the State of New York.

8. At all relevant times, Correction Officer, T. Eleazar Ramos (hereinafter "Ramos") shield number 7217 was an officer within the New York State Office of Court Administration and was assigned to New York State Supreme Court, New York County, Criminal Term, acting in the capacity of an agent, employee of New York State Office of Court Administration. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant Ramos is sued in his individual capacity.

9. At all relevant times, Correction Officer, John Doe (hereinafter "John Doe") shield number unknown was an officer within the New York State Office of Court Administration and was assigned to New York State Supreme Court, New York County, Criminal Term, acting in the capacity of an agent, employee of New York State Office of Court Administration. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant John Doe is sued in his individual capacity.

10. At all times relevant to this lawsuit, Defendants acted under color of the laws of the State of New York.

11. This action is brought pursuant to 42 U.S.C. §1983, which prohibits the violation, under "color of state law" of rights secured by the Constitution and laws of the United States of America.

## STATEMENT OF FACTS

12. On July 21, 2015 the plaintiff appeared before the Honorable Judge Charles H. Solomon, Supreme Court, New York County, Criminal Term on a pending criminal matter. After what was a boisterous appearance where the plaintiff loudly voiced his concerns about his case and how it was proceeding to Judge Solomon he was handcuffed by defendant Ramos and/or John Doe who was acting in concert with Ramos. Ramos and/or John Doe handcuffed the plaintiff unnecessarily and excessively tight in order to administer pain upon the plaintiff and punish him for the aforementioned display in Court.

13. As a result the plaintiff started to experience significant numbness and tingling in his left wrist. The defendants then in allegedly attempting to open the handcuffs broke the key in the lock to the handcuff thereby extending the period of time that plaintiff was left in a state of extreme discomfort and loss of feeling in his arm. After significant delay the New York City Fire Department was called as a result of the direction of Judge Solomon. The New York City Fire Department was ultimately successful in removing the handcuffs. However, plaintiff was left with permanent injury and continues to suffer from loss of use of his hand as a result of the actions of the defendants.

## FIRST CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983

14. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

15. By reason of the foregoing and by intentionally handcuffing the plaintiff in a manner to ensure an affliction of severe pain and discomfort and subsequently delaying the handcuffs being removed, the defendants deprived plaintiff of his rights, privileges,

protections and immunities guaranteed to him pursuant to 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from deliberate indifference to safety and medical needs.

16. Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment as court officers and employees of OCA. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law and in abuse of their powers. These defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

17. As a direct and proximate result of the misconduct and abuse of authority the plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983

18. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

19. Defendant Judge Marks acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of officers physically abusing inmates. This widespread policy of failing to have officers properly trained to interact with inmates appropriately constituted a municipal policy, practice and custom that led to plaintiff's injuries.

20. By permitting, tolerating and sanctioning a persistent and widespread policy, practice and custom pursuant to which plaintiff was subjected to an intentional and malicious disregard for his safety and security, defendant Judge Marks has deprived plaintiff of rights, privileges, protections and immunities guaranteed to him pursuant to 42 U.S.C. § 1983, including but

not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from deliberate indifference to his safety and well-being.

21. As a direct and proximate result of the misconduct the plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM FOR RELIEF PURSUANT TO 42 U.S.C § 1985

22. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

23. The individual defendants conspired for the purposes of directly depriving plaintiff of his right to be free from deliberate indifference to his safety and medical needs pursuant to the Fourteenth Amendment to the United States Constitution, and are liable to plaintiff under 42 U.S.C. § 1985.

24. Defendants formed agreements with each other to act in concert to inflict unconstitutional injuries on plaintiff, namely to handcuff him excessively tight and then break the key in the lock so as to delay the infliction of pain and discomfort on the plaintiff. The officers then delayed obtaining the necessary help to have the handcuffs removed. The officers acted in furtherance of the goal of inflicting as much pain and discomfort as outlined herein.

25. As a direct and proximate result of the misconduct and abuse of authority the plaintiff sustained the damages hereinbefore alleged.

### PRAYERS FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all the defendants jointly and severally;

(b) Punitive damages against the individual Defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
May 26, 2016

Adrian A. Ellis, LLC
By: Adrian A. Ellis, Esq. (5276)
26 Court Street, suite 1600
Brooklyn, New York 11242