UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ERIC ALI,

                  Plaintiff,

                                                16-cv-01994 (ALC)

              -against-

LAWRENCE K. MARKS, CHIEF OF PUBLIC SAFETY,
NEW YORK STATE'S OFFICE OF COURT
ADMINISTRATION, COURT OFFICER T. ELEAZAR
RAMOS SHIELD NO. 7217. and COURT OFFICER
JOHN DOE 1

                  Defendants.

------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

ERIC T. SCHNEIDERMAN
Attorney General of the
 State of New York
*Attorneys for State Defendants*
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8552/8108

MICHAEL J. SIUDZINSKI
JONATHAN D. CONLEY
Assistant Attorneys General
 *Of Counsel*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

Preliminary Statement ...................................................................................................... 1

Statement of the Facts ...................................................................................................... 2

      Background .................................................................................................................. 2
      Plaintiff's New York State Court of Claims Action .................................................... 3
      This Action.................................................................................................................. 3

Standards of Review ......................................................................................................... 4

      Rule 12(b)(1)............................................................................................................... 4
      Rule 12(b)(6)............................................................................................................... 4

ARGUMENT ..................................................................................................................... 5

POINT I         THE CLAIMS AGAINST CHIEF ADMINISTRATIVE JUDGE
                   LAWRENCE K. MARKS MUST BE DISMISSED ..................................... 5

A.   Plaintiff's Claims Against Judge Marks Are Barred By Eleventh Amendment Immunity.... 5

B.   Plaintiff's Section 1983 Claims Against Judge Marks are Fatally Defective Because He
      Fails to Allege Sufficient Personal Involvement ................................................................ 6

POINT II       THE COMPLAINT SHOULD BE DISMISSED AS AGAINST
                   DEFENDANT COURT OFFICER RAMOS ................................................ 8

A.   Plaintiff Fails to State a Claim Pursuant to 42 U.S.C. § 1985 ................................................ 8
B.   Plaintiff Fails to State a Claim of Deliberate Indifference to Safety and Medical Needs ...... 9
C.   Court Officer Ramos is Protected by Qualified Immunity .................................................... 13

CONCLUSION.................................................................................................................. 14

i

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Alfaro Motors, Inc. v. Ward*,
  814 F.2d 883 (2d Cir. 1987)........................................................................6

*Ali v. State of New York*,
  Claim No. 126811 ..................................................................................2

*APWU v. Potter*,
  343 F.3d 619 (2d Cir. 2003)......................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................4, 5

*Askew v. New York*,
  2010 WL 276194 (N.D.N.Y Jan. 15, 2010)....................................................4, 5

*Bass v. Jackson*,
  790 F.2d 260 (2d Cir. 1986)......................................................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................4

*Bonner v. N.Y. City Police Dep't*,
  2000 WL 1171150 (S.D.N.Y. Aug. 17, 2000)..................................................10

*Case v. City of N.Y.*,
  2017 WL 571530 (S.D.N.Y. Feb. 10, 2017)...................................................11

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002)......................................................................2

*Chance v. Armstrong*,
  143 F.3d 698 (2d Cir. 1998).....................................................................10

*Concey v. N.Y. State Unified Ct. Sys.*,
  2011 WL 4549386 (S.D.N.Y. Sept. 30, 2011)..................................................6

*Covington v. Coughlin*,
  1994 WL 163692 (S.D.N.Y. Apr.28, 1994)....................................................7

*Darnell v. Pineiro*,
  2017 WL 676521 (2d Cir. Feb. 21, 2017)..............................................9, 11, 12

*Dube v. State Univ. of N.Y.*,
  900 F.2d 587 (2d Cir. 1990)......................................................................6

*Esmont v. City of N.Y.*,
   371 F. Supp. 2d 202 (E.D.N.Y. 2015) ...............................................................6

*Estelle v. Gamble*,
   429 U.S. 97 (1976) ...........................................................................................9

*Evering v. Rielly*,
   2001 WL 1150318 (S.D.N.Y. Sept. 28, 2001) .................................................10

*Farmer v. Brennan*,
   511 U.S. 825 (1994) .........................................................................................12

*Ford v. Moore*,
   237 F.3d 156 (2d Cir. 2001) ..............................................................................8

*Funches v. Reish*,
   1998 WL 695904 (S.D.N.Y. Oct. 5, 1998) .......................................................7

*Harris v. Cnty. of Nassau*,
   581 F. Supp. 2d 351 (E.D.N.Y. 2008) ..............................................................8

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009)................................................................................4

*Harris v. Nassau Cnty.*,
   2016 WL 3023265 (E.D.N.Y. May 24, 2016) .................................................11

*Hathaway v. Coughlin*,
   99 F.3d 550 (2d Cir. 1996)..............................................................................10

*Jones v. Vives*,
   523 F. App'x 48 (2nd Cir. 2013) .....................................................................10

*Kentucky v. Graham*,
   473 U.S. 159 (1985)...........................................................................................5

*Kingsley v. Hendrickson*,
   — U.S. —, 135 S. Ct. 2466 (2015)............................................................11, 12

*LeBlanc-Sternberg v. Fletcher*,
   67 F.3d 412 (2d Cir. 1995)................................................................................8

*Lozada v. City of N.Y.*,
   2013 WL 3934998 (E.D.N.Y. July 29, 2013) .................................................11

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000).............................................................................4

*Mian v. Donaldson, Lufkin & Jenrette Sec.*,
   7 F.3d 1085 (2d Cir. 1993)...............................................................................8

*Mikulec v. Town of Cheektowaga*,
909 F. Supp. 2d 214 (W.D.N.Y. 2012) ................................................................10

*Monell v. New York City Dept. of Social Services*,
436 U.S. 658 (1978) ..............................................................................................6

*Morrison v. Nat'l Austl. Bank Ltd.*,
547 F.3d 167 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) .....................................4

*O'Diah v. New York City*,
2002 WL 1941179 (Aug. 21, 2002 S.D.N.Y.) .......................................................8

*Pearson v. Callahan*,
555 U.S. 223 (2009) ............................................................................................13

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89 (1984) ................................................................................................5

*Perez v. City of N.Y.*,
2009 WL 1616374 (S.D.N.Y. June 8, 2009) .....................................................9, 10

*Provost v. City of Newburgh*,
262 F.3d 146 (2d Cir. 2001) ..................................................................................6

*Rivera v. Bloomberg*,
2012 WL 3655830 (S.D.N.Y. Aug. 27, 2012) .....................................................10

*Rosa R. v. Connelly*,
889 F.2d 435 (2d Cir. 1989) ..................................................................................6

*Salahuddin v. Goord*,
467 F.3d 263 (2d Cir. 2006) ................................................................................10

*Smith v. Carpenter*,
316 F.3d 178 (2d Cir. 2003)................................................................................10

*Thompson v. New York*,
487 F. Supp. 212 (N.D.N.Y 1979) ........................................................................6

*Webb v. Goord*,
340 F.3d 105 (2d Cir. 2003).................................................................................8

*Will v. Michigan Dept. of State Police*,
491 U.S. 58 (1989) ................................................................................................6

CONSTITUTIONAL PROVISIONS

Eighth Amendment ...........................................................................................11

Eleventh Amendment...................................................................................2, 5, 6

Fourteenth Amendment ..................................................................................................9, 11

**FEDERAL STATUTES**

42 U.S.C.
    § 1983.................................................................................................1, 3, 6, 7, 12
    § 1985....................................................................................................1, 3, 6, 8
    § 1985(3) ........................................................................................................8

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1)................................................................................................2, 4

Fed. R. Civ. P. 12(b)(6)......................................................................................2, 4, 12, 13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ERIC ALI,

                Plaintiff,

                                           16-cv-01994 (ALC)

      -against-

LAWRENCE K. MARKS, CHIEF OF PUBLIC SAFETY,
NEW YORK STATE'S OFFICE OF COURT
ADMINISTRATION, COURT OFFICER T. ELEAZAR
RAMOS SHIELD NO. 7217. and COURT OFFICER
JOHN DOE 1

                Defendants.
-----------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

### Preliminary Statement

Plaintiff Eric Ali brings this action against the Honorable Lawrence K. Marks, the Chief

Administrative Judge of the Court of New York State, Court Officer T. Eleazar Ramos, and

Court Officer John Doe 1. Plaintiff asserts three claims.  He asserts two claims pursuant to 42

U.S.C. § 1983: (1) that the Court Officer defendants caused plaintiff unnecessary pain and

suffering due to their deliberate indifference to his medical needs; and (2) that Judge Marks was

deliberately indifferent to a pattern of officers physically abusing inmates. Plaintiff, by his third

claim, alleges that the defendants conspired to deprive him of his rights pursuant to 42 U.S.C. §

1985. Plaintiff's claims arise from a single incident when he appeared before the New York State

Supreme Court, New York County, Criminal Term. Plaintiff seeks an unspecified amount of

compensatory and punitive damages as well as fees and costs.

This memorandum of law is respectfully submitted on behalf of Judge Lawrence Marks

and Court Officer T. Eleazar Ramos (collectively the "State Defendants") in support of their

motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of

Civil Procedure. As demonstrated herein, plaintiff's claims are jurisdictionally and substantively

flawed, and require dismissal because: (1) Lawrence Marks is immune from suit under the

Eleventh Amendment; (2) plaintiff fails to allege facts sufficient to establish personal

involvement by Lawrence Marks; and (3) plaintiff's allegations are implausible and insufficient

to state a claim for relief. Accordingly, the State Defendants' motion should be granted and the

complaint should be dismissed, with prejudice, in its entirety.

### Statement of the Facts

For purposes of a motion to dismiss only, the well-pleaded facts of the complaint should

be considered. The Court may also take judicial notice of the documents attached to the

Declaration of Michael J. Siudzinski ("Siudzinski Decl."), dated February 28, 2017, which

include those from plaintiff's Court of Claims action, *Ali v. State of New York*, Claim No.

126811; those which are incorporated in the complaint by reference; documents in plaintiff's

possession; and documents of which plaintiff had knowledge and upon which plaintiff relied

upon in bringing this action.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.

2002).

### Background

On July 21, 2015, plaintiff appeared at the New York State Supreme Court, Criminal

Term, before Justice Charles H. Solomon on a then-pending criminal matter. *See* Compl. ¶ 12.

According to plaintiff, he "loudly voiced his concerns about his case" to Justice Solomon,

creating a "boisterous" appearance. *See id.* Court Officers "Ramos and/or John Doe" then

"handcuffed the plaintiff unnecessarily and excessively tight." *See id.*

Thereafter plaintiff started to experience numbness and tingling in his left wrist. *See id.*

¶ 13. The defendant court officers then, in attempting to open the handcuffs, "broke the key in

the lock to the handcuff thereby extending the period of time that plaintiff" was in pain. *See id.* The New York City Fire Department was called and, upon arrival, successfully removed plaintiff's handcuffs. *See id.* Plaintiff alleges that he sustained permanent injury to his hand, including the loss of use, due to the incident. *See id.*

**<u>Plaintiff's New York State Court of Claims Action</u>**

By Claim, dated September 24, 2015, plaintiff commenced an action in the New York State Court of Claims against the State of New York and the New York State Department of Corrections for the same incident that is the basis of plaintiff's claims here. *See* Siudzinski Decl., Ex. A. By Decision and Order, dated April 6, 2016, the Court of Claims dismissed the action on procedural grounds. *See* Siudzinski Decl., Ex. B.

**This Action**

Plaintiff filed a complaint commencing this action on March 17, 2016, alleging claims under 42 U.S.C. §§ 1983 and 1985 against Anthony Annucci, Acting Commissioner of New York State Department of Corrections and Community Supervision and Correction Officer Ramos.   On June 16, 2016, Plaintiff filed his First Amended Complaint removing Anthony Annucci as a defendant, adding defendant Judge Lawrence K. Marks, the Chief Administrative Judge of the New York State Courts, and correctly identifying defendant T. Eleazar Ramos as a New York State Court Officer.

## Standards of Review

### Rule 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), a complaint "is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff opposing a Rule 12(b)(1) motion "has the burden of proving by a preponderance of the evidence that it exists." *Id.* "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003). In evaluating jurisdictional issues, the court may also properly consider matters outside the pleadings, including state and federal law. *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).

### Rule 12(b)(6)

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely alleges facts that are "consistent with" or "compatible with" liability fails to state a cognizable claim. *See Iqbal*, 556 U.S. at 669; *Twombly*, 550 U.S. at 557.

In considering the legal sufficiency of a complaint, the Court should accept its well-pled factual allegations as true. However, the Court is not required to accept as true "legal conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quotations omitted).

4

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

## ARGUMENT

## POINT I

**THE CLAIMS AGAINST CHIEF ADMINISTRATIVE JUDGE LAWRENCE K. MARKS MUST BE DISMISSED**

**A.    Plaintiff's Claims Against Judge Marks Are Barred By Eleventh Amendment Immunity**

By his complaint in this action, plaintiff alleges three claims: (1) defendants were deliberately indifferent to his needs; (2) Judge Marks "permitted, tolerated and was deliberately indifferent to a pattern and practice of [court] officers physically abusing inmates" and, in effect, sanctioned a policy leading to plaintiff's alleged injury; and (3) defendants conspired to deprive plaintiff of his rights." The Eleventh Amendment bars suit in federal court against a state or its agencies or officials absent its consent to such a suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

Plaintiff's claims against Judge Marks are based solely on his role as the Chief Administrative Judge for the New York State Unified Court System, and are therefore barred by the Eleventh Amendment absent the State's waiver of its sovereign immunity or an unequivocal abrogation of that immunity by Congress. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (a claim for damages against a state or state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment); *Pennhurst*, 465 U.S. at 100 (states, their agencies and departments of the state are entitled to assert the state's Eleventh Amendment immunity). Plaintiff's claims against Judge Marks in his official capacity are defective because State employees sued in their official capacity are not "persons" subject to

suit for damages under Section 1983 or Section 1985. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 62, 71 (1989) (neither a State nor its officials acting in their official capacities are "persons" under 1983); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978); *Concey v. N.Y. State Unified Ct. Sys.*, 2011 WL 4549386, at *8 (S.D.N.Y. Sept. 30, 2011) ("Liability under [*Monell*] pursuant to § 1983 attaches solely to municipalities, and not to the State or its individual officers.") (citing *Askew v. New York*, 2010 WL 276194, at *7 [N.D.N.Y Jan. 15, 2010]); *Thompson v. New York*, 487 F. Supp. 212, 228 (N.D.N.Y 1979).

The State of New York has not consented to suit in federal court for Section 1983 or Section 1985 claims of the type alleged, and it is well-settled that New York State and its agencies and officers are protected from such suits by immunity under the Eleventh Amendment. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594-95 (2d Cir. 1990). Therefore, plaintiff's claims against Judge Marks must be dismissed.

**B.     Plaintiff's Section 1983 Claims Against Judge Marks are Fatally Defective Because He Fails to Allege Sufficient Personal Involvement**

Plaintiff's Section 1983 claims against Judge Marks in his individual capacity must be dismissed because the complaint fails to set forth any allegations of Judge Marks' personal involvement in any alleged unlawful acts. *See, e.g., Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001); *Rosa R. v. Connelly*, 889 F.2d 435, 437 (2d Cir. 1989); *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987). Personal involvement is established by demonstrating direct participation by a defendant who has knowledge of the facts that rendered the alleged conduct illegal. *See Provost*, 262 F.3d at 155. There must be a tangible connection between the acts of each defendant and the alleged injuries. *See Rosa R.*, 889 F.2d at 437 (absent allegations that state official was directly and personally responsible for the purported unlawful conduct, a section 1983 claim does not lie); *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Plaintiff alleges three separate claims in his complaint, none of which are proper against Judge Marks. In fact, plaintiff does not even allege that Judge Marks was present at the time of the purported actions challenged in the complaint.  Plaintiff has failed to plead facts sufficient to show that Judge Marks personally acted to deprive him of any constitutional or federal rights, nor does he allege that Judge Marks had any personal knowledge of the situation challenged in this action.  Although plaintiff does allege that Judge Marks "permitted, tolerated and was deliberately indifferent to a pattern and practice of officers physically abusing inmates" and that there was a "widespread policy of failing to have officers properly trained to interact with inmates" (Compl. ¶ 19), such conclusory allegations are insufficient to sustain a section 1983 claim. *See Covington v. Coughlin,* 1994 WL 163692 at *2-3, (S.D.N.Y. Apr.28, 1994) (finding that a "vague reference" to alleged unconstitutional policy is insufficient to establish personal involvement); *see also Funches v. Reish,* 1998 WL 695904 (S.D.N.Y. Oct. 5, 1998) (dismissing deliberate indifference to medical care claim against Warden of prison facility based upon conclusory allegation that Warden created "custom" of denying medical care). Plaintiff does not specify any particular policy or pattern and practice that Judge Marks created or allowed, or how such a policy or custom resulted in the alleged deprivation. Accordingly, all of plaintiff's claims against Judge Marks should be dismissed for failure to sufficiently allege personal involvement.

## POINT II

### THE COMPLAINT SHOULD BE DISMISSED AS AGAINST DEFENDANT COURT OFFICER RAMOS

**A.**     **Plaintiff Fails to State a Claim Pursuant to 42 U.S.C. § 1985**

Plaintiff's complaint fails to state a conspiracy claim pursuant to 42 U.S.C. § 1985. To assert a claim under section 1985, plaintiff must allege that the defendants have, with racial or other class-based discriminatory animus, conspired to deprive the plaintiff of a constitutional or other federal right. *See LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 426-27 (2d Cir. 1995); *Mian v. Donaldson, Lufkin & Jenrette Sec.*, 7 F.3d 1085, 1087 (2d Cir. 1993). To avoid a motion to dismiss, plaintiff must state claims of conspiracy with more than conclusory allegations. *Harris v. Cnty. of Nassau*, 581 F. Supp. 2d 351, 358 (E.D.N.Y. 2008).

Here, plaintiff's claim fails because he has pled only a conclusory allegation that he was the subject of a nebulous conspiracy to inflict injuries on him. *See* Compl. ¶¶ 22–25. Plaintiff fails to plead that his race or other protected characteristic was a motivating factor in the defendants' actions. Accordingly, plaintiff's section 1985 claim must be dismissed. *See, e.g.*, *Ford v. Moore*, 237 F.3d 156, 162, n.3 (2d Cir. 2001) (holding the plaintiff's § 1985(3) conspiracy claim failed for lack of any evidence of the requisite discriminatory intent); *O'Diah v. New York City*, 2002 WL 1941179 (Aug. 21, 2002 S.D.N.Y.) (finding that plaintiff failed to allege any facts that would demonstrate an agreement among the named defendants).

Further, conspiracy claims under Section 1985 must contain specific factual allegations establishing an agreement or a meeting of the minds to achieve the unlawful end. *See Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). Here, plaintiff fails to plead any allegation showing of an agreement between the defendants to deprive him of his constitutional rights, much less that they conspired to harm him due to his race or other protected class status. Plaintiff has no basis for his allegation that the defendants conspired against him. Plaintiff alludes to, but does not

8

allege, that the defendants intended to harm him due to his "boisterous appearance" before Justice Solomon. *See* Compl. ¶ 12. Justice Solomon is not a defendant here and plaintiff does not allege that the defendant Court Officers were directed to harm plaintiff by Justice Solomon, Judge Marks, or any other employee of the New York State Unified Court System. Plaintiff's failure to sufficiently allege a conspiracy requires the dismissal of this claim for failure to state a claim.

**B.     Plaintiff Fails to State a Claim of Deliberate Indifference to Safety and Medical Needs**

Plaintiff asserts a claim alleging that the defendants violated his rights under the Fourteenth Amendment through deliberate indifference to his safety and medical needs. *See* Compl. ¶¶ 14–17. Specifically, plaintiff alleges that he was handcuffed "unnecessarily and excessively tight in order to administer pain upon [him] and punish him for" being loud during a court appearance before Judge Solomon. *See id.* ¶ 12. Plaintiff further alleges that the defendants "broke the key in the lock of the handcuff thereby extending the period of time that [he] was left in a state of extreme discomfort and loss of feeling in his arm." *Id.*

To establish a claim for deliberate indifference under the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). To do so, plaintiff must plead facts that satisfy two prongs: an "objective prong" showing that the alleged deprivation of medical care is "sufficiently serious to constitute objective deprivations of the right to due process," and a "mental element prong" showing that the defendants "acted intentionally to impose the alleged condition, or recklessly failed … to mitigate the risk that the condition" imposed. *See Darnell v. Pineiro*, 2017 WL 676521, at *14 (2d Cir. Feb. 21, 2017); *see also Perez v. City of N.Y.*, 2009 WL 1616374, at *8 (S.D.N.Y. June 8, 2009) ("A custodian of a non-convicted detainee may be found liable for violating the

detainee's due process rights if the official denied treatment needed to remedy a serious medical condition and did so because of deliberate indifference to the medical need." (quoting *Esmont v. City of N.Y.,* 371 F. Supp. 2d 202, 218 (E.D.N.Y. 2015)).

Under the "objective prong," the alleged deprivation must be 'sufficiently serious,' in the sense that 'a condition of urgency, one that may produce death, degeneration, or extreme pain' exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *accord Jones v. Vives*, F. App'x 48, 49 (2nd Cir. 2013). Where there is an alleged "delay … in the provision of otherwise adequate treatment," courts also focus on the seriousness of the delay "in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious,' to support a claim. *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). "Factors relevant to the seriousness of a medical condition include whether 'a reasonable doctor or patient would find [it] important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" *Rivera v. Bloomberg*, 2012 WL 3655830, at *7 (S.D.N.Y. Aug. 27, 2012) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006)).

Here, plaintiff's allegations – that he experienced "significant numbness and tingling in his left wrist" and was in a "state of extreme discomfort and loss of feeling in his arm" – are insufficient to meet this constitutional threshold of a sufficiently objective serious medical need.[1] And while plaintiff alleges that the numbness and tingling he experienced caused him

---

1 *See Mikulec v. Town of Cheektowaga*, 909 F. Supp. 2d 214, 223 (W.D.N.Y. 2012) (holding that the plaintiff's allegations of being in "a great degree of discomfort," suffering "abrasions on his wrists," having "his complaints about wrist pain" ignored by the defendants, and seeking "treatment for these injuries at a hospital" were insufficient to support a claim of deliberate indifference to medical needs); *Perez v. City of N.Y.*, 2009 WL 1616374, at *9 (S.D.N.Y. June 8, 2009) (dismissing deliberate indifference claim where the plaintiff "alleges he was kept in an 'awkward and painful position' with his right arm raised above his head, for approximately thirteen hours…"); *Evering v. Rielly*, 2001 WL 1150318, at *9 (S.D.N.Y. Sept. 28, 2001) ("Unlike the excessive force standard, deliberate indifference requires injuries that demonstrate urgency leading to death, degeneration or extreme pain."); *Bonner v. N.Y. City Police Dep't*, 2000 WL 1171150, at *4 (S.D.N.Y. Aug. 17, 2000) (holding that the inability to close hand due to swelling is insufficiently serious to constitute deliberate indifference).

"permanent injury," and that he "continues to suffer from loss of use of his hand as a result of the actions of the defendants," these vague and conclusory allegations are not enough to state a viable constitutional claim. *See, e.g.*, *Harris*, 2016 WL 3023265, at *10–11 (the plaintiff's allegations of suffering from "handcuff syndrome" is insufficient to state a claim because, among other things, he fails to "explain what handcuff syndrome is or what specific injuries he suffered as a result."); *Lozada v. City of N.Y.*, 2013 WL 3934998, at *5 (E.D.N.Y. July 29, 2013) (granting motion to dismiss excessive force claim because the plaintiff's "vague reference to 'injuries'" and a "complaint of a swelled wrist [were] insufficient").

Under the "mental element prong," plaintiff must also allege facts demonstrating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."[2] *Darnell v. Pineiro*, 2017 WL 676521, at *14 (2d Cir. Feb. 21, 2017). Here, plaintiff fails to plead facts satisfying this *mens rea* requirement. Indeed, plaintiff does not even allege that he informed any of the defendants that he was experiencing a serious medical problem – let alone that the defendants subsequently disregarded those complaints. *See, e.g.*, *Case v. City of N.Y.*, 2017 WL 571530, at *6 (S.D.N.Y. Feb. 10, 2017) (dismissing plaintiffs' claims that they were handcuffed too tightly for several hours because, among other reasons, they failed to "allege that they complained about their handcuffs, [or] that Defendants ignored such complaints"); *Harris v. Nassau Cnty.*, 2016 WL 3023265, at *10 (E.D.N.Y. May 24, 2016)

---

2 The Second Circuit recently held that the subjective-intent requirement for deliberate-indifference claims under the Eighth Amendment no longer applies to deliberate-indifference claims brought under the Fourteenth Amendment. *See Darnell v. Pineiro*, 2017 WL 676521 (2d Cir. Feb. 21, 2017). Interpreting the Supreme Court's decision in *Kingsley v. Hendrickson*, — U.S. —, 135 S. Ct. 2466 (2015), the Second Circuit concluded that the objective analysis that applies to excessive-force claims under the Fourteenth Amendment should apply with equal force to deliberate-indifference claims. *Id.* Although *Darnell* involved deliberate-indifference claims in the context of conditions of confinement, "deliberate indifference means the same thing for each type of claim under the Fourteenth Amendment." *Id.* at *12 n.9. Thus, the newly articulated objective standard for deliberate-indifference claims set forth in *Darnell* applies here.

(dismissing deliberate indifference claim where the plaintiff fails to "allege that Defendants subjectively knew about and disregarded his purportedly serious medical condition").

Similarly, nothing in the complaint gives rise to a plausible inference that Court Officer Ramos intentionally handcuffed plaintiff in an excessively tight manner to hurt him. If anything, the allegations demonstrate the opposite: plaintiff alleges that after he "started to experience significant numbness and tingling in his left wrist," the defendants "allegedly attempt[ed] to open the handcuffs," and "broke the key in the lock of the handcuff." *See* Compl. ¶ 13. Plaintiff further alleges that the defendants called the New York City Fire Department to assist in removing the jammed handcuff. *See id.* This narrative runs directly counter to any suggestion that the defendants "recklessly failed to act with reasonable care to mitigate the risk that the condition imposed." *Darnell*, 2017 WL 676521 at *14. Moreover, any insinuation that the defendants intentionally broke the key in the lock of plaintiff's handcuffs to prolong the time he "was left in a state of extreme discomfort" is simply too facially implausible to survive a Rule 12(b)(6) motion to dismiss under *Iqbal* and *Twombly*.

Drawing all reasonable inferences in plaintiff's favor, the allegations contained in the complaint amount, at most, to "mere negligence." *Darnell*, 2017 WL 676521 at *14. Negligence falls far short of the showing needed to establish a constitutional violation under Section 1983. *Id.* at *15. ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence." (citations omitted)); *Kingsley*, 135 S. Ct. at 2472 ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.")). The Second Circuit makes clear in *Darnell* that "[a] detainee must prove that an official acted intentionally or recklessly, and not merely negligently." 2017 WL 676521, at *14; *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (holding that the reckless or intentional action (or inaction) necessary to maintain a § 1983 deliberate indifference claim must be the product of "a

12

voluntary, not accidental," act or omission). Plaintiff fails to meet that burden here.

In sum, the factual allegations contained in the complaint fail to support a plausible claim that the defendants acted with reckless disregard.

## C.    Court Officer Ramos is Protected by Qualified Immunity

With respect to all of plaintiff's claims, Court Officer Ramos is entitled to qualified immunity and cannot be held personally liable. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Plaintiff does not plausibly allege that Court Officer Ramos violated any rights at all, *see supra* Point II, let alone clearly established rights. Court Officer Ramos is entitled to qualified immunity and any personal capacity claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## <u>CONCLUSION</u>

For the reasons set forth above, State Defendants respectfully request that the Court grant their motion to dismiss the complaint with prejudice in its entirety on their behalf, and for such other and further relief the Court deems just and proper.

Dated: New York, New York
       February 28, 2017

<div style="margin-left:40%">

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of the
 State of New York
*Attorneys for State Defendants*
By:

_____/S/_____
MICHAEL J. SIUDZINSKI
JONATHAN D. CONLEY
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8552/8634

</div>

MICHAEL J. SIUDZINSKI
JONATHAN D. CONLEY
Assistant Attorneys General
 *Of Counsel*