

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8108

March 21, 2017

*By Electronic Filing*

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re:    *Ali v. Annucci, et al.*, 1:16-cv-1994 (ALC)

Dear Judge Carter,

    This Office represents the defendants Lawrence K. Marks, Chief Administrative Judge of the New York State court system, and Court Officer T. Eleazar Ramos in this action. By letter, submitted today, plaintiff seeks a one-day extension of time to respond to defendants' motion to dismiss, filed February 28, 2017. Plaintiff's opposition to defendants' motion is due today, however, plaintiff's seeks leave to file an amended complaint rather than oppose the motion.

    To the extent plaintiff is seeking an adjournment of time to respond to defendants' motion, defendants take no position. Defendants do, however, oppose plaintiff's untimely request for leave to amend the complaint. First, the defects identified in defendants' motion to dismiss, which plaintiff seeks to partially correct now, were brought to plaintiff's attention by defendants' February 3, 2017 pre-motion conference letter as well as during earlier conversations between counsel. In fact, plaintiff has already previously amended the complaint on June 15, 2016 after initial discussions between counsel. Second, plaintiff has failed to attach a proposed amended complaint to his letter motion seeking leave to amend, which independently serves as grounds to deny plaintiff's request.[1] Third, plaintiff asserts in his letter motion that he seeks to

---

[1] *See, e.g.*, *Jenn-Ching Luo v. Baldwin Union Free Sch. Dist.*, 2013 WL 4719090, at *5 n.8 (E.D.N.Y. Sept. 3, 2013) ( "failure to submit a proposed pleading is grounds for denying a motion to amend); *Romero v. Napoli*, 2013 WL 1479308, at *1 (S.D.N.Y. Apr. 1, 2013) (because "[l]eave to amend may be denied for a variety of reasons, … a party seeking to serve and file an amended complaint, after the time to amend as a matter of right has expired, ordinarily files a proposed amended pleading with his motion to amend"); *Huelbig v. Aurora Loan Servs., LLC*, 2011 WL 4348281, at *3 (S.D.N.Y. May 18, 2011), *report and recommendation adopted*, 2011 WL 4348275

The Honorable Andrew L. Carter, Jr.                                                                                                  Page 2 of 2
March 21, 2017

amend the complaint to add an excessive force claim and a conspiracy claim under § 1983, but these vague descriptions of proposed amendments do not satisfy the requirements of particularity for motions to amend under the Federal Rules. *See* FRCP 7(b); *Romero*, 2013 WL 1479308 at *1–2. Accordingly, plaintiff fails to provide defendants and this Court sufficient grounds to justify amending the complaint at this time and the Court should deny plaintiff's request.

For these reasons, we respectfully submit that plaintiff's motion for leave to amend be denied without prejudice. *E.g., Thomas v. Venditto*, 925 F. Supp. 2d 352, 366–67 (E.D.N.Y. 2013) (denying the plaintiffs' motion to amend the complaint because "they failed to submit a proposed amended complaint" and "any motion to amend must attach the proposed amended complaint specifying the new claims and/or defendants [the plaintiff] intends to add"). Thank you for your consideration of this matter.

                                                                                                    Respectfully,

                                                                                                    _____/S/_____
                                                                                                    Michael J. Siudzinski
                                                                                                    Jonathan Conley
                                                                                                    Assistant Attorneys General

---

(S.D.N.Y. Sept. 16, 2011) ("Courts in this jurisdiction have generally construed Rule 7(b) to require a plaintiff to file a copy of the proposed amended pleading in order to demonstrate that Rule 15(a) relief is appropriate."); *Zito v. Leasecomm Corp.*, 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30, 2004) (holding that "'a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought.'" (quoting *Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y.1993)))