UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC ALI,<br><br>        **Plaintiff,**<br><br>        -against-<br><br>**COURT OFFICER T. ELEAZAR RAMOS SHIELD NO. 7217 AND COURT OFFICER JOHN DOE 1**<br>        **Defendants.** | **16-cv-01994 (ALC)**<br><br><u>**OPINION AND ORDER**</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Eric Ali brings this suit against Defendants Court Officer T. Eleazar Ramos

("Ramos") and John Doe 1 ("John Doe"). The Complaint alleges four claims pursuant to 42

U.S.C. § 1983: (1) deliberate indifference to his safety and medical needs in violation of the

Fourteenth Amendment; (2) excessive force; (3) conspiracy to deprive Plaintiff of his right to be

free from deliberate indifference; and (4) failure to intervene as to John Doe. Defendant Ramos

has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] For the reasons that

follow, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

---

[1] The motion to dismiss is filed on behalf of Defendant Ramos only. John Doe has not appeared in this action and thus has not filed a motion to dismiss. However, Defendant Ramos asserts that "to the extent the Court dismisses the claims against Officer Ramos, the claims arguably should be dismissed against Officer Doe 1 as well." Def Memorandum of Law in Support of Motion to Dismiss at 6 n.1 (ECF No. 47) ("Def Memo"). This Court "may dismiss a complaint sua sponte for failure to state a claim, as long as the plaintiff has been given an opportunity to be heard." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 313 (S.D.N.Y. 2001) (citing *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991)). Since Plaintiff has had an opportunity to be heard through briefing Ramos' Motion to Dismiss, this Court will consider sua sponte a motion to dismiss the complaint as to John Doe.

# BACKGROUND

## I.    Factual Background

The following facts are taken from allegations contained in the Second Amended

Complaint and are presumed to be true for purposes of this motion to dismiss.

On July 21, 2015, Plaintiff appeared before Judge Charles H. Solomon in New York

County Supreme Court on a pending criminal matter.  Second Amended Complaint ¶ 10 (ECF

No. 39) ("SAC").  At the time, Plaintiff was confined at Rikers Island.  *Id.* ¶ 5.  During the

appearance, Plaintiff loudly voiced his concerns about his case and how it was proceeding.  *Id.* ¶

10.  The court appearance was "boisterous."  *Id.*

Following the proceeding, Ramos and/or John Doe, both Correction Officers within the

New York State Office of Court Administration assigned to the New York State Supreme Court,

New York County, Criminal Term, handcuffed Plaintiff.  *Id.*  Defendants applied the handcuffs

unnecessarily and excessively tight.  *Id.*  Plaintiff alleges this was a purposeful attempt to inflict

pain upon Plaintiff for his behavior in court.  *Id.*

Plaintiff immediately voiced the extreme pain and discomfort he experienced as a result

of the tight handcuffs.  *Id.*  Initially, Defendants ignored these protestations.  *Id.*  Plaintiff

continued expressing his pain and discomfort, including complaints of numbness and tingling in

his left wrist.  *Id.* ¶ 11.  Additionally, his hand began visibly swelling.  *Id.*

After his continued protestations, Defendants "allegedly" tried to remove the handcuffs.

*Id.*  During this process, Defendants broke the key in the lock to the handcuff.  *Id.*  As a result,

Plaintiff remained handcuffed for a longer period of time, causing more damage to his hand.  *Id.*

As Plaintiff subsequently clarified, he used the word "allegedly" because he contends that

Defendants intentionally broke the key in the lock. Plaintiff's Memorandum in Opposition to Motion to Dismiss at 10 (ECF No. 49) ("Pl Memo").

After a "significant delay," the New York City Fire Department was called at the direction of Judge Solomon. SAC ¶ 11. The Department successfully removed the handcuffs. *Id.*

The incident left Plaintiff with "permanent injury and [he] continues to suffer from loss of use of his hand as a result of Defendants' actions." *Id.*

## II.    Procedural Background

On March 17, 2016, Plaintiff filed a complaint commencing this action against Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, and Ramos. ECF No. 1. Plaintiff amended the complaint on June 16, 2016, removing Annucci and adding Lawrence K. Marks, Chief of Public Safety, New York State Office of Court Administration and John Doe as defendants. ECF No. 15 ("FAC"). Defendant filed a Motion to Dismiss the FAC on February 28, 2017. ECF No. 32. On March 23, 2017, the Court denied the Motion to Dismiss without prejudice as moot and granted Plaintiff leave to file a Second Amended Complaint ("SAC"). ECF No. 37. Plaintiff filed the SAC on March 28, 2017, removing Marks as a defendant. ECF No. 39.

On April 24, 2017, Defendant Ramos filed a Motion to Dismiss the SAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[2] Def Memo. Plaintiff filed his opposition to the motion on May 15, 2017. Pl. Memo. Defendant replied on May 22, 2017. ECF No. 50 ("Def Reply").

Accordingly, the Court considers the motion fully submitted.

---

[2] Defendant also cites Rule 12(b)(1) in the "standards of review" section of its brief, but makes no claims for lack of subject-matter jurisdiction. *See* Def Memo at 8. Accordingly, this Court will not address such claims.

## LEGAL STANDARD

Rule 12(b)(6) allows the Court to dismiss a claim if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss, the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Claims should be dismissed when a plaintiff has not pled enough facts that "plausibly give rise to an entitlement for relief." *Id.* at 679. A claim is plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). While not akin to a "probability requirement," the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Accordingly, where a plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law; and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). A complaint under § 1983 "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which

are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987).

## DISCUSSION

Plaintiff claims that Defendants deprived him of Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.[3] It is undisputed that Defendants, as court officers, acted under color of state law. The issue is whether their conduct deprived Plaintiff of his constitutional rights and, if so, whether qualified immunity shields Defendants from liability.

As an initial matter, the complaint does not specify which defendant took each alleged action. However, this is not fatal at the motion to dismiss stage. *See Folk v. City of N.Y.*, 243 F. Supp. 3d 363, 370 (E.D.N.Y. 2017) ("While Plaintiff must prove the roles the Individual Defendants played . . . to prevail on the merits, this Court will not dismiss her claims at this stage solely because her narrative is imprecise as to each Individual Defendant's role.") (internal citation omitted).

## I. Deliberate Indifference

In order to prove deliberate indifference, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To do so, a plaintiff must satisfy (1) an "objective prong," showing that the violations were "sufficiently serious to constitute objective deprivations of the

---

[3] Although the SAC alleges Fourteenth Amendment violations, Plaintiff's Opposition Memorandum alleges Eighth Amendment violations. Pl Memo at 9-10, 13-14. Since Plaintiff was a pre-trial defendant, his claims are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Additionally, Plaintiff did not raise an Eighth Amendment claim in his Complaint, and cannot use an opposition brief as a vehicle for asserting new claims. *See Pandozy v. Segan*, 518 F. Supp. 2d 550, 554 n.1 (S.D.N.Y. 2007) (collecting cases). Regardless, "[a] detainee's rights are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Darnell*, 849 F.3d at 29 (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Accordingly, this Court will treat his claims as arising under the Fourteenth Amendment. However, the analysis would not differ if this Court had considered his claims under the Eighth Amendment.

right to due process" and (2) a "mental element prong," showing that "the officer acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

## A. Objective Prong

Under the "objective prong," the plaintiff must show that the alleged deprivation of treatment was "sufficiently serious," meaning that his medical need was "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Darnell*, 849 F.3d at 30. Relevant factors in this inquiry include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Rodriguez v. Corizon Health Care*, No. 15-5251, 2016 WL 3766397, at *2 (S.D.N.Y. July 11, 2016) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). A plaintiff need not show that he "experiences pain that is at the limit of human ability to bear" or that his "condition will degenerate into a life-threatening one." *Brock v. Wright*, 315 F. 3d 158, 163 (2d Cir. 2003).

When a petitioner's claim is based in "a temporary delay. . . in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay or interruption* in treatment rather than the prisoner's *underlying medical condition alone.*" *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (emphasis in original).

Here, given this early pleading stage, Plaintiff has satisfied the objective prong. This Circuit has held that dismissal is improper where plaintiffs alleged significant and permanent injuries resulting from tight handcuffs. *See Davidson v. Flynn*, 32 F.3d 27, 29-30 (2d Cir. 1994) (claim that "handcuffs were allegedly placed on the plaintiff 'too tight[ly],' leading to serious and permanent physical injury" including a scar, cuts, swelling, and wrist numbness for several months, satisfied objective prong of deliberate indifference claim).

While Defendant relies on cases rejecting claims similar to those alleged here, many of those cases were decided at the summary judgment stage—a more exacting standard—and plaintiffs generally had not alleged permanent injuries. *See, e.g., Perez v. City of N.Y.*, No. 07-10319, 2009 WL 1616374, at *9 (S.D.N.Y. June 8, 2009) (holding, on motion for summary judgment, that "swelling and reddening" from tight handcuffs did not constitute sufficiently serious injury when Plaintiff "[did] not allege he experienced any 'serious and permanent physical injury'").

At this early stage, Plaintiff's claims that the tight handcuffs caused "numbness and tingling in his left wrist" and "visible swelling" of one of his hands; that this pain was exacerbated by the delay in removing the handcuffs; and that he has been left with "permanent injury and continues to suffer from loss of use of his hand" meets the objective prong. *See* SAC ¶¶ 10-11.

### B. Mental Element Prong

The "mental element prong" no longer requires a showing of subjective intent. *Darnell*, 849 F.3d at 29.[4] As this Circuit recently held, a plaintiff "must prove that the defendant-official

---

[4] Although *Darnell* addressed a conditions of confinement claim, its reasoning "applies equally to claims of deliberate indifference to serious medical needs under the Fourteenth Amendment." *Lloyd v. City of N.Y.*, 246 F. Supp. 3d 704, 718 (S.D.N.Y. 2017).

acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. "In other words," the court explained, "the 'subjective prong' (or '*mens rea* prong') of a deliberate indifference claim is defined objectively." *Id.* Nevertheless, "any § 1983 claim for a violation of due process requires proof of a mens rea greater than mere negligence." *Id.* at 36.

With regard to complaints of excessively tight handcuffs, a court should consider not only "the use of handcuffs," but also "their deliberate and improperly motivated application so tightly as to injure." *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994).

Taken as true, Plaintiff's allegations show that Defendants intentionally handcuffed him tightly "in order to administer pain upon the plaintiff and punish him" for acting "boisterous[ly]" in court. SAC ¶ 11. Further, Defendants knew, or should have known, of a risk to Plaintiff's safety, as Plaintiff told Defendants that he was experiencing numbness, tingling, and swelling. *Id.* The Complaint alleges that Defendants disregarded that risk through initially ignoring Plaintiff's protestations regarding his pain, and then breaking the key in the lock and otherwise not diligently attempting to free him.

At this early stage, Plaintiff's allegations are sufficient to meet the mental element prong. Accordingly, Defendant's motion to dismiss the deliberate indifference claim is DENIED.

## II.  Excessive Force

In order to prevail on an excessive force claim, a plaintiff must show that the "use of force was objectively unreasonable in light of the circumstances, without regard to [Defendant's] underlying intent or motivation." *Livignia v. Ortega*, No. 15-9454, 2016 WL 6143351, at *4 (S.D.N.Y. Oct. 19, 2016) (citing *Graham v. Conor*, 490 U.S. 386, 397 (1989)). This Circuit has

recognized that "excessively tight handcuffing that causes injury can constitute excessive force." *Shamir v. City of N.Y.*, 804 F.3d 553, 557 (2d Cir. 2015). In determining whether officers applied handcuffs reasonably, courts "consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the [plaintiff s] pleas that the handcuffs were too tight; and 3) the degree of *injury to the wrists*." *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (quoting *Esmont v. City of N.Y.*, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005)) (emphasis in original). With regard to the injury prong, "[t]here is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." *Id.* at 468 (collecting cases).

First, Plaintiff's allegation that Defendants handcuffed him "unnecessarily and excessively tight" satisfies prong one. *See* SAC ¶ 10.

Second, Plaintiff alleges that he "[i]mmediately . . . protested the extreme pain and discomfort that he was experiencing," but that his pleas "were initially ignored by the defendants." *Id.*[5] This separates Plaintiff's claim from cases relied on by Defendant wherein the plaintiff never alleged that the defendant ignored their complaints. *See, e.g., Case v. City of N.Y.*, 233 F. Supp. 3d 372, 385 (S.D.N.Y. 2017) (plaintiffs "fail to allege that they complained about their handcuffs [or] that Defendants ignored such complaints").

Defendant counters that he "earnestly attempt[ed] to remove his handcuffs." Def Mem at 16. However, at this stage the Court must take Plaintiff's allegations as true. According to the complaint, Defendants' efforts were not earnest; rather, Defendants intentionally delayed the

---

[5] Defendant notes that Plaintiff failed to previously allege that Defendants initially ignored his pleas for help. However, "it is settled law that any amended complaint completely replaces any prior complaint." *Hernandez v. Goord*, No. 01-9585, 2009 WL 3963922, at *1 (S.D.N.Y. Nov. 16, 2009). Accordingly, this Court will only consider allegations in the SAC.

removal of the handcuffs by breaking the key in the handcuffs. Pl Memo at 10. Defendant contends that this is a mere "belief" rather than an "allegation of fact." Def Memo at 18-19. However, at this early stage Plaintiff's allegations are sufficient to survive a motion to dismiss.

Third, Plaintiff alleges that he suffered "permanent injury" and presently suffers from "loss of use of his hand" as a result of Defendants' actions. SAC ¶ 11. Defendant contends that this allegation is a mere "formulaic recitation of the elements of a cause of action," and thus insufficient to survive a Rule 12(b)(6) motion. Def Mem at 17. However here too, at this early pleading stage, Plaintiff has stated a plausible claim.

Accordingly, Defendant's motion to dismiss the excessive force claim is DENIED.

## III.  Conspiracy

To prove conspiracy under § 1983, "a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). In this analysis, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cty of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (quoting *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993)). Nevertheless, this Circuit has "recognized that such 'conspiracies are by their very nature secretive operations,' and may have to be proven by circumstantial, rather than direct, evidence." *Pangburn*, 200 F.3d at 72 (citing *Rousenville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994)).

Defendants argue, first, that Plaintiff's conspiracy claim should be barred by the intracorporate conspiracy doctrine. The intracorporate conspiracy doctrine provides that the "officers, agents, and employees of a single corporate entity are legally incapable of conspiring together." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 388 (S.D.N.Y. 2013) (quoting *Hartline v. Gallo*, 546 F.3d 95, 99 n.3 (2d Cir. 2008)). Under the "personal stake" exception, the doctrine does not apply "when the alleged conspirators are motivated by an improper personal interest separate and apart from that of their principal." *Id.* (collecting cases).

This Circuit "has recognized the intracorporate conspiracy doctrine in the context of § 1985." *Ali v. Connick*, 136 F. Supp. 3d 270, 282 (E.D.N.Y. 2015) (citing *Hermann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978)). Yet while several courts within this Circuit have applied the doctrine to § 1983 cases, the Circuit it has not yet extended the doctrine to § 1983. *Id.* at 282 (collecting cases).

Regardless, this Court does not need to determine whether the intracorporate conspiracy doctrine or "personal stake" exception applies because Plaintiff has failed to plead conspiracy with sufficient specificity. Plaintiff alleges that Defendants "formed agreements with eachother to inflict unconstitutional injuries on plaintiff" in order to "punish the plaintiff for his verbal outburst in Court" by handcuffing him excessively tightly; breaking the key in the lock; and delaying obtaining necessary help to have the handcuffs removed. SAC ¶ 22. Plaintiff's vague allegations are insufficient to constitute a "meeting of the minds" to show a conspiracy here. *See Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (dismissal under Rule 12(b)(6) proper where "plaintiffs have not alleged, except in the most conclusory fashion, that any such meeting of the minds occurred among any or all of the defendants").

Accordingly, Defendant's motion to dismiss the conspiracy claim is GRANTED.

## IV.    Failure to Intervene

An officer "has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers." *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (collecting cases).  An officer is only liable for failure to intervene if "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing *O'Neill*, 839 F.2d at 11-12)).  "An underlying constitutional violation is an essential element of a failure to intercede claim under § 1983." *Henry-Lee v. City of N.Y.*, 746 F. Supp. 2d 546, 566 (S.D.N.Y. 2010).

Here, Plaintiff asserts that John Doe failed to intervene to stop Ramos from applying the handcuffs too tightly.  SAC ¶¶ 25-26.  This claim directly conflicts with Plaintiff's previous allegations that *both* defendants are responsible for deliberate indifference, excessive force, and conspiracy with regards to the handcuffing. *See id.* ¶¶ 13, 18, 21.  Moreover, other parts of the complaint are unclear as to which defendant administered the handcuffing or broke they key in the lock. *See id.* ¶ 11.

Since this Court determined that Plaintiff "has properly alleged a constitutional violation, he is entitled to discovery to determine which officers participated directly in the alleged constitutional violations and which officer[] [was] present and failed to intervene." *Gersbacher v. City of N.Y.*, 134 F. Supp. 3d 711, 725 (S.D.N.Y. 2015) (internal quotation marks and citation omitted).  Accordingly, Plaintiff can proceed with his deliberate indifference and excessive force claims, arguing failure into intervene by one defendant in the alternative.  However, he "will

ultimately need to refine [his] allegations with regard to the roles played by each of the [defendants]." *Folk v. City of N.Y.*, 243 F. Supp. 3d 363, 376 (E.D.N.Y. 2017).

Accordingly, Defendant's motion to dismiss the failure to intervene claim is DENIED.

## V. Qualified Immunity

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 810 (1982)). Because qualified immunity is an affirmative defense, the defendant bears the burden of proof. *Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012).

This Circuit has held that "*[u]sually*, the defense of qualified immunity cannot support the grant of a [Rule] 12(b)(6) motion for failure to state a claim upon which relief can be granted." *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004) (emphasis added in *McKenna*). However, a court may consider qualified immunity at this stage "as long as the defense is based on facts appearing on the face of the complaint." *Benzman v. Whitman*, 523 F.3d 119, (2d Cir. 2008) (quoting *McKenna*, 386 F.3d at 436).

Of course, at this early pleading stage a defendant is subject to "the more stringent standard applicable to this procedural route." *McKenna*, 386 F.3d at 436. "Not only must the facts supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (internal citations and quotation marks omitted); *see also Garcia v. Does*, 779 F.3d 84, 96-97 (2d Cir. 2015) ("[I]t is certainly true that motions to dismiss a plaintiff's complaint under Rule 12(b)(6)

on the basis of an affirmative defense will generally face a difficult road."). Accordingly, "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *McKenna*, 386 F.3d at 436.

When assessing qualified immunity, a court first determines "whether the facts shown 'make out a violation of a constitutional right.'" *Taravella v. Town of Wolcott*, 599 F.3d 129, 133 (2d Cir. 2010) (quoting *Pearson*, 555 U.S. at 223) .6 Then, a court will grant qualified immunity if "one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Garcia*, 779 F.3d at 92 (quoting *Russo v. City of Bridgeport*, 479 F.3d 196, 211 (2d Cir. 2007)). Whether "qualified immunity applies in a particular case 'generally turns on the objective legal reasonableness' of the challenged action, 'assessed in light of the legal rules that were clearly established at the time it was taken.'" *DiStiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012)). An act is "objectively reasonable" if 'officers of reasonable competence could disagree' on the legality of the defendant's actions." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

First, as stated *supra* Plaintiff has made out claims for excessive force, deliberate indifference, and failure to intervene.

Second, "[i]t is beyond dispute that the right to be free from excessive force has long been clearly established." *Green v. Montgomery*, 219 F.3d 52, 59 (2d Cir. 2000). Moreover, "it is axiomatic" that the "right under the Fourteenth Amendment to be free from . . . deliberate

---

6 Courts are no longer required to first determine whether a plaintiff has alleged facts that make out a constitutional violation, and can proceed directly to the question of whether such violations were "clearly established." *Pearson*, 555 U.S. at 236. However, determining the existence of a constitutional right first is still "often beneficial." *Id.*

indifference to serious medical needs [] is clearly established." *Bradway v. Town of Southhampton*, 826 F. Supp. 2d 458, 475 (E.D.N.Y. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Since such rights were clearly established, failing to intervene was objectively unreasonable. *Cf. Holland v City of N.Y.*, 197 F. Supp. 3d 529, 549-50 (S.D.N.Y. 2016).

Third, on the face of the complaint it is unclear whether it was objectively reasonable for Defendants to believe their actions did not violate the law. While Defendants may ultimately prevail on their qualified immunity defense, "the Court cannot, based on the pleadings alone, determine that [the officers' actions were] objectively reasonable." *Berrio v. City of N.Y.*, No. 15-9570, 2017 WL 118024, at *4 (S.D.N.Y. Jan. 10, 2017).

Accordingly, Defendant's motion to dismiss the conspiracy claim is GRANTED. Defendant's motion to dismiss the deliberate indifference, excessive force, and failure to intervene claims are DENIED.

**SO ORDERED.**

**Dated:** March 14, 2018

       **New York, New York**

                                   **ANDREW L. CARTER, JR.**
                                   **United States District Judge**