UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X   Case No. 16 CV 01994

ERIC ALI,

        Plaintiff,　　　　　　　　　　　　　THIRD AMENDED
　　　　　　　　　　　　　　　　　　　　　　　COMPLAINT IN CIVIL CASE

　　　　　　　　　　　　　　　　　　　　　　　JURY TRIAL DEMANDED

  -against-

COURT OFFICER T. ELEAZAR
RAMOS SHIELD NO. 7217, COURT OFFICER
BRUCE KNOWLES, SHIELD NO. 3287 and
LIEUTENANT STEWART STILL,

        Defendants.
------------------------------------------------------------------- X

Plaintiff, ERIC ALI, by his attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

1. This is a civil rights action brought by plaintiff Eric Ali ("Mr. Ali" or "Plaintiff") for damages pursuant to 42 U.S.C. § 1983. Whilst in the custody of the New York State Office of Court Administration and detained at the New York County Supreme Court, Criminal Term the defendants used excessive force against the plaintiff and showed an evinced and depraved indifference to the safety, well-being and security of the plaintiff.

**JURISDICTION AND VENUE**

2. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3-4).

4. The acts complained of occurred in the Southern District of New York and venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Eric Ali is a resident of New York, New York but resided at Rikers Island at the time of the incident.

6. At all relevant times, Correction Officer, T. Eleazar Ramos (hereinafter "Ramos") shield number 7217 was an officer within the New York State Office of Court Administration and was assigned to New York State Supreme Court, New York County, Criminal Term, acting in the capacity of an agent, employee of New York State Office of Court Administration. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant Ramos is sued in his individual capacity.

7. At all relevant times, Correction Officer, Bruce Knowles (hereinafter "Knowles") shield number 3287 was an officer within the New York State Office of Court Administration and was assigned to New York State Supreme Court, New York County, Criminal Term, acting in the capacity of an agent, employee of New York State Office of Court Administration. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant Knowles is sued in his individual capacity.

8. At all relevant times, Lieutenant Still (hereinafter "Stills") was a supervisory officer within the New York State Office of Court Administration and was assigned to New York State Supreme Court, New York County, Criminal Term, acting in the capacity of an agent, employee of New York State Office of Court Administration. These

     actions were within the scope of his employment and as such he was acting under color of State law. Defendant Stills is sued in his individual capacity.

9. At all times relevant to this lawsuit, Defendants acted under color of the laws of the State of New York.

10. This action is brought pursuant to 42 U.S.C. §1983, which prohibits the violation, under "color of state law" of rights secured by the Constitution and laws of the United States of America.

## STATEMENT OF FACTS

11. On July 21, 2015 the plaintiff appeared before the Honorable Judge Charles H. Solomon, Supreme Court, New York County, Criminal Term on a pending criminal matter. After what was a boisterous appearance where the plaintiff loudly voiced his concerns about his case and how it was proceeding to Judge Solomon he was handcuffed by defendant Ramos and upon information and belief in the presence and with the assistance of Knowles and Stills who were acting in concert with Ramos. Ramos, Knowles and/or Stills handcuffed the plaintiff unnecessarily and excessively tight in order to administer pain upon the plaintiff and punish him for the aforementioned display in Court. Immediately the plaintiff protested the extreme pain and discomfort that he was experiencing. The plaintiff's pleas were initially ignored by the defendants.

12. However, as a result of the plaintiff's continued protestations in regards to the pain and discomfort being experienced; in addition to complaints of numbness and tingling in his left wrist; coupled with visible swelling of the hand the defendants purportedly tried to remove the handcuffs. In allegedly attempting to open the handcuffs the defendants broke the key in the lock to the handcuff thereby extending the period of time that

plaintiff was left in a state of extreme discomfort whilst continued damage to his hand was occurring. After a significant delay, whilst the defendant's purportedly tried to devise a way to open the handcuffs, the New York City Fire Department was called as a result of the direction of Judge Solomon. The New York City Fire Department was ultimately successful in removing the handcuffs. However, plaintiff was left with permanent injury and continues to suffer from loss of use of his hand as a result of the actions of the defendants.

### FIRST CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983

13. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

14. By reason of the foregoing and by intentionally handcuffing the plaintiff in a manner to ensure an affliction of severe pain and discomfort and subsequently delaying the handcuffs being removed, the defendants deprived plaintiff of his rights, privileges, protections and immunities guaranteed to him pursuant to 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from deliberate indifference to safety and medical needs.

15. Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment as court officers and employees of OCA. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law and in abuse of their powers. These defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

16. As a direct and proximate result of the misconduct and abuse of authority the plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983

17. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

18. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff Eric Ali's constitutional rights.

19. As a result of the aforementioned conduct of defendants, plaintiff Eric Ali was subjected to excessive force and sustained severe physical and emotional injuries.

20. As a direct and proximate result of the misconduct the plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM FOR RELIEF PURSUANT TO 42 U.S.C § 1983

21. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

22. Defendants had an affirmative duty to intervene on behalf of plaintiff Eric Ali, whose constitutional rights were being violated in their presence by co- defendant.

23. Defendants failed to intervene to prevent the unlawful conduct described herein.

24. As a direct and proximate result of the misconduct and abuse of authority the plaintiff sustained the damages hereinbefore alleged.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all the defendants jointly and severally;

(b) Punitive damages against the individual Defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
March 21, 2018

                                                    Adrian A. Ellis, LLC
                                                  By: Adrian A. Ellis, Esq. (5276)
                                                  26 Court Street, suite 1600
                                                  Brooklyn, New York 11242