UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eric Ali,<br><br>                              Plaintiff,<br><br>        - against -<br><br>Court Officer T. Eleazar Ramos Shield No. 7217, Court<br>Officer Bruce Knowles, Shield No. 3287 and<br>Lieutenant Stewart Still,<br><br>                              Defendants. | 16-cv-01994 (ALC)<br><br>ANSWER ON BEHALF OF<br>DEFENDANT RAMOS |

Defendant New York State Court Officer Eleazar Ramos[1] ("Officer Ramos"), by his

attorney the New York State Office of the Attorney General, answers the Third Amended

Complaint, dated March 21, 2018, ECF No. 60 ("Complaint") as follows:

1.      Denies that the defendants used excessive force against Plaintiff Eric Ali

("Plaintiff"), or that they showed an evinced and depraved indifference to the

safety, well-being, and security of Plaintiff while in their custody, but otherwise

avers that the remaining allegations contained in paragraph 1 of the Complaint are

legal conclusions to which no response is required.

## JURISDICTION AND VENUE

2.      Asserts that the allegations contained in paragraph 2 of the Complaint are legal

conclusions to which no response is required.  To the extent a response is

required, Officer Ramos denies the allegations, but admits that Plaintiff purports

to bring a claim under 42 U.S.C. §§ 1983 and 1988.

3.      Asserts that the allegations contained in paragraph 3 of the Complaint are legal

---

1 On information and belief, the "T." in the caption of the Complaint refers to "trainee."  Officer Ramos herein
states that he has passed his probationary training period and is no longer designated as a "Court Officer Trainee."

conclusions to which no response is required.  To the extent a response is required, Officer Ramos denies the allegations, but admits that Plaintiff purports to assert jurisdiction under the provisions cited therein.

4.      Asserts that the allegations contained in paragraph 4 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Officer Ramos does not contest that venue is proper in this action.

## **PARTIES**

5.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Admits the allegations contained in paragraph 6 of the Complaint, except avers that Officer Ramos is a New York State Court Officer.

7.      Admits that Officer Bruce Knowles is employed by the New York State Office of Court Administration, and avers that he is a Court Officer, but otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint.

8.      Admits that Officer Stewart Stills is employed by the New York State Office of Court Administration, but otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

9.      Admits the allegations contained in paragraph 9 of the Complaint as they pertain to Officer Ramos, but denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning the other defendants.

10.     Asserts that the allegations contained in paragraph 10 of the Complaint are legal

2

conclusions to which no response is required.  To the extent a response is required, Officer Ramos denies knowledge and information sufficient to form a belief as to the truth of the allegations, but admits that Plaintiff purports to bring a claim under 42 U.S.C. § 1983.

## STATEMENT OF FACTS

11.     Concerning the allegations contained in paragraph 11 of the Complaint, Officer Ramos admits that on or about July 21, 2015, Plaintiff appeared before the Supreme Court, New York County, Criminal Term (Solomon, J.) on a criminal matter and that Officer Ramos handcuffed him prior to his appearance before the court pursuant to the court's policy regarding appearances by criminal defendants. Officer Ramos denies that Plaintiff acted in a boisterous manner on the date of the incident, that Officer Ramos or the other defendants intentionally or unknowingly handcuffed Plaintiff in an excessively tight manner to injure and punish Plaintiff, or that Plaintiff indicated he was in extreme pain and discomfort immediately after being handcuffed. Officer Ramos further denies that defendants ignored Plaintiff's alleged pleas, but avers that upon attempting to remove the handcuffs after Plaintiff's appearance before the court, the handcuff locking mechanism failed to release on one of Plaintiff's wrists and the handcuff locked tighter.

12.     Concerning the allegations contained in paragraph 12 of the Complaint, Officer Ramos admits that after the handcuff locking mechanism failed to release the defendants made several attempts to unlock the handcuff; that during this time Plaintiff complained that he was in pain and discomfort and that his hand looked visibly swollen; and that shortly after the lock broke 911 emergency services were

3

called to assist in removing the broken handcuff, and that the New York City Fire Department arrived and was successful in removing the handcuff.  Officer Ramos further admits that while attempting to unlock the handcuff, the stem of the key broke, but denies that this was done intentionally.  Officer Ramos denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning whether Plaintiff left with a permanent injury and continues to suffer from loss of use of his hand as a result of the incident.

**FIRST CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. § 1983**

13.   Repeats and realleges his responses to paragraphs 1 through 12 with the same force and effect as if fully restated herein.

14.   Denies the allegations contained in paragraph 14 of the Complaint.

15.   Admits that Officer Ramos acted within the scope of his employment as a court officer and employee of the New York State Office of Court Administration, but denies the remaining allegations as they pertain to him and denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning the other defendants in paragraph 15 of the Complaint.

16.   Denies engaging in misconduct or abusing his authority with respect to the alleged incident, but otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint.

**SECOND CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. § 1983**

17.   Repeats and realleges his responses to paragraphs 1 through 16 with the same force and effect as if fully restated herein.

4

18.     Denies the allegations contained in paragraph 18 of the Complaint.

19.     Denies that Plaintiff was subjected to excessive force, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint.

20.     Denies causing Plaintiff any damages related to incident alleged in the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint.

### THIRD CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. § 1983

21.     Repeats and realleges his responses to paragraphs 1 through 20 with the same force and effect as if fully restated herein.

22.     Denies the allegations to the extent they concern Officer Ramos, but otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint.

23.     Denies the allegations to the extent they concern Officer Ramos, but otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint.

24.     Denies causing Plaintiff any damages related to incident alleged in the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint.

### PRAYERS FOR RELIEF

Officer Ramos denies that Plaintiff is entitled to any of the relief requested in paragraphs (a) through (d) of the Prayers for Relief in the Complaint.

## AFFIRMATIVE DEFENSES

Officer Ramos asserts the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff:

1.      The Complaint fails to state a claim or facts sufficient to constitute a claim upon which relief can be granted.

2.      At all times relevant to the allegations in the Complaint, Officer Ramos's actions were taken in compliance with lawful procedure.

3.      Plaintiff fails to allege or sufficiently plead either a constitutional, statutory, or regulatory violation upon which relief can be granted in his Complaint.

4.      By his actions, Officer Ramos is entitled to the defense of qualified immunity for any and all claims as alleged in the Complaint.

5.      Some or all of Plaintiff's alleged injuries were the result of the actions of Plaintiff.

6.      To the extent and in the event that Plaintiff establishes an injury herein, another or third party is liable in whole or in part for such injury and/or Plaintiff has already recovered from such third party for some or all of his injury.

7.      To the extent Plaintiff's claim are alleged against Officer Ramos in his official capacity, those claims are barred, in whole or in part, by the Eleventh Amendment to the Constitution.

8.      Officer Ramos acted in good faith compliance with all relevant constitutional and statutory laws and denies that he has ever acted in willful disregard of Plaintiff's rights; thus Plaintiff is not entitled to punitive, double or any other exemplary damages.

9.      This Court lacks subject matter jurisdiction over this matter.

6

10.   As the doctrine of *respondeat superior* does not apply to an action brought
      pursuant to 42 U.S.C. § 1983, Officer Ramos cannot be responsible for any act or
      omission of another state employee and cannot be liable.

11.   Plaintiff's claims are barred, either in whole or on part, by the statute of
      limitations.

12.   Plaintiff is not entitled to the relief he seeks, in whole or in part.

13.   Plaintiff's claims for damages are barred to the extent that he failed to mitigate
      said damages.

14.   Officer Ramos intends to rely on such other and further defenses that may become
      available or apparent during pre-trial proceedings or at trial in this action, and
      hereby reserves his right to amend his Answer to assert any such additional
      defenses.

**WHEREFORE,** it is respectfully prayed that the relief requested by Plaintiff be in all
respects denied, that the relief requested by Officer Ramos be granted, and that the Third
Amended Complaint be dismissed in its entirety, with costs and disbursements.

Dated: New York, New York
       May 1, 2018

                                        ERIC T. SCHNEIDERMAN
                                        Attorney General of the
                                          State of New York
                                        <u>Attorney for Officer Ramos</u>
                                        By:


                                        _____/S/_____
                                        MICHAEL J. SIUDZINSKI
                                        JONATHAN CONLEY
                                        Assistant Attorneys General
                                        28 Liberty Street
                                        New York, New York 10005
                                        (212) 416-8552/8108