```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Eric Ali,

            Plaintiff,

- against -

Court Officer T. Eleazar Ramos Shield No. 7217, Court Officer Bruce Knowles, Shield No. 3287 and Lieutenant Stewart Still,

            Defendants.

16-cv-01994 (ALC)

**STIPULATION AND CONFIDENTIALITY ORDER**

WHEREAS, the parties to the above-captioned case are engaged in discovery proceedings, which may include, among other things, taking depositions, responding to interrogatories, responding to requests for admissions, and producing copies of documents for inspection and copying;

WHEREAS, the parties could be jeopardized if certain sensitive confidential information or documents were disclosed publicly;

WHEREAS, good cause exists for entry of this Stipulation and Confidentiality Order;

WHEREAS, the entry of this Stipulation and Confidentiality Order will promote the fair and expeditious resolution of this litigation;

**It is hereby stipulated and ordered that:**

1. This Stipulation and Confidentiality Order shall govern the handling of all information, material, and documents (as defined in Fed. R. Civ. P. 34(a)) disclosed during the course of this action by any party acting voluntarily or in response to Court-authorized discovery, including taking depositions, responding to interrogatories, responding to requests for admissions, and producing documents for inspection and copying ("Litigation Material").

2.  For the purposes of this agreement:

    a. "Producing Party" shall mean any party producing Litigation Material.

    b. "Inspecting Party" shall mean any party receiving Litigation Material.

### *Materials Covered*

3.  The following Litigation Material produced or provided by the parties during the course of this action may be designated as confidential by any party with a bona fide interest in its confidentiality:

    a. Documents and information concerning the substance or contents of any personnel files of any party or non-party, including but not limited to personal, departmental, investigatory, disciplinary, and administrative files and other personnel information prepared or maintained by the New York State Unified Court System or its Office of Court Administration (collectively, "UCS"), or any of their current or former officers, employees, or agents, including but not limited to documents reflecting the salary, conduct, performance, health, age, race, national origin, sexual orientation or gender of any current or former UCS employees;

    b. Documents and information concerning any policies, procedures, internal reviews or analyses of the UCS, including documents and information relating to that court's organization, structure, staffing, goals, training, and performance;

    c. Documents and information concerning the private, personal, or non-public information of parties to the action;

    d. Documents and information containing personal health or mental health

2

information of any party in this action, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 and records disclosed by a party pursuant to any Authorization to Release Medical Records by the Plaintiff in this action; and

e. Documents and information that counsel for the parties agree should be designated as confidential.

### *Designation*

4. The Producing Party may designate Litigation Material as confidential by marking it with the words "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or with a similar legend. Where such marking is impossible or impractical (such as with productions of groups of documents in native form), the Producing Party shall designate in writing to the Inspecting Party the information or material it regards as confidential.

5. Depositions or other testimony may be designated as confidential by identifying orally on the record that portion of the testimony designated as confidential, or by making such designation in writing to the other parties within 30 days after notification from the court reporter that the transcript is available.

6. Any Litigation Material designated as confidential shall not be disclosed by the Inspecting Party to anyone, except as provided in this agreement. A confidentiality designation by the Producing Party shall not be deemed an acknowledgment of confidentiality by any other party except for purposes of this agreement.

7. Each party in this action reserves the right to challenge a designation of

3

confidentiality in whole or in part. To challenge a designation, the disagreeing party shall notify the Producing Party in writing, and the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved on an informal basis, the disagreeing party may make an application to the Court challenging the designation of confidentiality in whole or in part.

### *Use and Disclosure of Confidential Material*

8. Any Litigation Material designated as confidential shall be used by the Inspecting Party solely for the purposes of prosecuting or defending this action, and for no other purpose.

9. Litigation Material designated as confidential, including any copies, notes, abstracts, or summaries thereof, shall be maintained in confidence by the parties and shall not be given, shown, or described to any other person, except:

   a. The Court and personnel employed by it;

   b. Counsel to the parties in the above-captioned litigation (including in-house counsel) and the attorneys, legal assistants, paralegal, clerical and other support staff who are employed by such counsel or are independent contractors of counsel and who are actually involved in assisting in the litigation;

   c. The parties to this action and officers or employees of any named party who is either required by such party or requested by counsel to assist in the prosecution or defense of the Action;

   d. Any deponent or witness;

   e. Court reporters who record depositions or other testimony in this case;

   f. Any expert witness upon execution of a Non-Disclosure Agreement discussed in

4

paragraph 11, which acknowledgment shall be retained by the counsel who retains that expert's services; and

 g. Any other person upon the written agreement of the Producing Party and execution of the Non-Disclosure Agreement discussed in paragraph 11, or pursuant to court order.

10. Before disclosing Litigation Material designated as confidential to a person identified in subparagraphs 9(f) or 9(g), the party proposing to make such disclosure shall procure that person's written agreement—in the form of the Non-Disclosure Agreement attached hereto as Exhibit A—to comply with and be bound by the terms of this Stipulation and Confidentiality order. Counsel of record shall maintain a list of the names of every person to whom such materials or information is disclosed and such list shall be available for inspection by the Producing Party upon order of the Court following a showing of good cause.

11. Any party who intends to file Litigation Material designated as confidential with the Court shall request leave of the Court to file that Litigation Material under seal.

12. If Litigation Material is inadvertently produced without a confidentiality designation, the Producing Party may nevertheless assert the confidentiality of the document or other information, and the parties shall thereafter treat the document or other information as confidential, provided that such assertion is made promptly upon discovery of any inadvertent disclosure.

13. The production of privileged or work-product protected Litigation Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. If privileged or work-product protected

Litigation Material is produced, whether inadvertently or otherwise, the Producing Party may notify the Inspecting Party and, upon receiving such notice, the Inspecting Party shall promptly return or destroy the original and all copies of the privileged material. This agreement shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

14. Nothing in this agreement shall be construed to limit, modify, or interfere in any manner with the Producing Party's use of its own Litigation Material, or any party's disclosure obligations under applicable law.

15. Nothing in this agreement shall be construed to limit, modify, or interfere in any manner with any party's disclosure obligations under applicable law.

16. Notwithstanding any provision set forth in this agreement, any party may use without restriction documents or information that is in its possession by means other than receipt of a production pursuant to this agreement.

17. This agreement shall survive the termination of this action with respect to any Litigation Material designated as confidential. The Court shall retain jurisdiction over the parties as necessary to enforce this agreement.

Dated: New York, New York
September 12, 2018

ADRIAN A. ELLIS, ESQ.  
*Counsel for Plaintiff*

_____  
Adrian A. Ellis, Esq.  
26 Court Street, Suite 1600  
Brooklyn, N.Y. 11242  
(718) 596-1308

BARBARA D. UNDERWOOD  
Attorney General of the State of New York  
*Counsel for Defendants*  
By:

_____  
Jonathan D. Conley, Esq.  
Assistant Attorney General  
28 Liberty St.  
New York, N.Y. 10005  
(212) 416-8108

So Ordered:

_____  
Magistrate Judge Gabriel W. Gorenstein  
Sept. 20, 2018

7

**Exhibit A**

**Acknowledgement Pursuant to
Stipulation and Confidentiality Order
in *Ali v. Ramos, et al.*, 16-cv 01994 (ALC)**

I, _____ hereby certify:

I have read the terms of the Stipulation and Confidentiality Order in *Ali v. Ramos, et al.*, 16-cv-01994 (ALC) and agree to be fully bound by, and comply with, the Stipulation and Confidentiality Order in all respects. I also submit, and waive any objection, to the jurisdiction of the United States District Court for the Southern District of New York for the adjudication of any dispute concerning or related to my compliance with Stipulation and Confidentiality Order.

Signed under penalty of perjury of the laws of the United States of America, this ___ day of _____, 20__.

_____
Signature

Please print or type the following:

_____
Name

_____
Employer

_____
Title

_____
Telephone

_____
Email Address