Hon. Gabriel W. Gorenstein  Page 2 of 3
October 2, 2018

**MEMO ENDORSED**

parties if disclosed publicly. Consequently, the parties agreed to enter into a Stipulation and Confidentiality Order that would govern the handling of all information, material, and documents disclosed during the course of this action. After coming to an agreement on the terms of such an order, the parties submitted a fully-executed Stipulation and Confidentiality Order on September 18, which Your Honor so-ordered on September 20.

At this point, our Office is currently waiting to receive and review certain documents from the New York State Office of Court Administration ("OCA") that were requested by Plaintiff, including OCA training materials and the defendants' personnel files. We anticipate receiving and being able to review these documents in the near future.

Moreover, while our Office has received a portion of Plaintiff's medical records through HIPAA releases provided by Plaintiff's counsel in mid-2016, our Office is still waiting to receive Plaintiff's updated medical records from mid-2016 to the present. According to Plaintiff's counsel, his client did not receive any relevant medical care between mid-2016 and mid-2018, but it is our Office's position that Mr. Ali's medical records over that time frame—which may detail medical care or evaluations that Plaintiff received, requested, or declined to receive—are nevertheless relevant to Defendants' defenses. In any event, in August 2018, in response to Defendants' document requests, Plaintiff provided HIPAA medical releases for five medical facilities. These releases and requests for records have been submitted to all five facilities, but, to date, our Office has only received medical records from one of the five facilities. It is our understanding that it can take a significant amount of time to receive such medical records, specifically from the Correctional Facilities. Our Office needs these records, and will require sufficient time to review them before deposing Plaintiff.

Relatedly, Plaintiff is currently undergoing postoperative follow-up care related to a wrist surgery performed in July 2018, which—upon information and belief—should be completed by the end of the year. These postoperative records are relevant to both parties' respective claims and defenses, and are thus a necessary component of fact discovery in this case.

For these reasons, the parties respectfully request that the deadlines set forth in the Scheduling Order be extended three months. Under this proposed extension, the deadline for the completion of non-expert discovery, which is currently October 3, 2018, would be extended to January 1, 2019; the deadline to disclose expert witnesses, which is currently November 18, 2018, would be extended to February 18, 2019; the deadline for the depositions of expert witnesses, which is currently December 17, 2018; would be extended to March 17, 2019; and the deadline to request permission from Judge Carter to move for summary judgment, which is currently December 17, 2018, would be extended to March 17, 2019.

*Granted.*

Thank you for your time and attention to this matter.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/18

SO ORDERED: DATE: 10/2/18
GABRIEL W GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

28 Liberty Street, New York, New York 10005 ● Tel.: (212) 416-8610 ● Fax: (212) 416-6009 (Not For Service of Papers)
www.ag.ny.gov