# ADRIAN A. ELLIS, LLC.

26 Court Street,
Suite 1600
Brooklyn, New York 11242

TELEPHONE: (718) 596- 1308/2865/5842
TELECOPIER: (718) 596-8059
E-MAIL: aellis@ellisgrouplaw.com

Adrian A. Ellis, Esq.

March 4, 2019

Hon. Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl Street New York, New York 10007-1312
By Electronic Filing and Facsimile

      Re: Ali v. Annucci, et al. No. 2016-cv-1994

Dear Chief Magistrate Judge Gorenstein:

  I am the attorney for the plaintiff in this matter Eric Ali. The plaintiff is seeking damages based upon the violation of his civil rights. Mr. Ali opposes the contention that he waived his attorney-client privilege with his criminal defense counsel, Adam Freedman, Esq., as a result of his deposition testimony and continues to assert and to seek the preservation of his attorney client privilege.

  Counsel for the defendants cites Mr. Ali's deposition testimony but is unable to specify what was said by Mr. Ali that would have constituted a waiver of attorney-client privilege. Mr. Freedman witnessed to an extent the incident as far as Mr. Ali being in visible pain and then efforts taken to remove the handcuffs. Plaintiff has already agreed that Mr. Freedman is free to testify as to what he witnessed. Mr. Ali also has agreed that Mr. Freedman is authorized to

release any letter from Judge Solomon to Mr. Ali that pertains to Mr. Ali's case being transferred from Judge Solomon to a different judge. Contrary to the defense's assertion, it was verbally communicated to the defense that Mr. Ali would not be waiving his attorney-client privilege. This communication occurred in response to the defense counsel's verbal communication whereas counsel indicated he was seeking privileged information from Mr. Freedman requiring Mr. Ali's waiver of said privilege.

Mr. Ali had agreed that any letter from an attorney to Mr. Ali that states that Mr. Ali should apologize to Judge Solomon was not deemed to be privileged as long as this letter was not from Mr. Freedman. However, the plaintiff opposes any communications between Mr. Freedman and Mr. Ali that memorialized observations and communications between Mr. Ali and Mr. Freedman as it relates to the incident or circumstances surrounding the incident.

Since Mr. Ali has explicitly rejected a waiver of his attorney-client privilege an analysis of an implicit waiver is required. If the defense is claiming that Mr. Ali has waived his attorney-client privilege implicitly, the following conditions have to be met:
(1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. Hearn v. Rhay, 68 F.R.D. 574, (E.D.Wash.1975).
"As an initial matter, the Court notes that the burden of persuasion in proving a waiver of the privilege lies with the party seeking discovery of privileged communications". Chase Manhattan Bank N.A. v. Drysdale Sec. Corp., 587 F. Supp. 57, 58 (S.D.N.Y. 1984).

In the case at hand, Mr. Ali merely states that there were communications between himself and his attorney about the incident. The specificity of the communication that the attorney client privilege is claimed was never revealed by Mr. Ali. Furthermore, the substance of the communication covers more than has been characterized by the defense and the defense has to establish that Mr. Ali's testimony, in regards to the letter between Mr. Freedman and himself, was made to advance the plaintiff's case. This threshold has not and cannot be met by the defense as there is no evidence to support the argument that Mr. Freedman's communication to Mr. Ali was put at issue making it relevant to the case. Therefore, application of the privilege does not deny the defense access to information vital to their defense.

Ultimately, the defense seeks to engage in an unjustifiable fishing expedition. Plaintiff respectfully requests that the sanctity of his attorney-client privilege be maintained and the defense's application be denied as it relates to communications in reference to the incident at hand, written or oral, between Mr. Ali and his attorney, Mr. Freedman.

Very truly yours,

Adrian A. Ellis

AAE: kb