# ADRIAN A. ELLIS, L.LC.

26 Court Street,
Suite 1600
Brooklyn, New York 11242

———————

TELEPHONE: (718) 596- 1308/2865/5842
TELECOPIER: (718) 596-8059
E-MAIL: aellis@ellisgrouplaw.com

**Adrian A. Ellis, Esq.**

October 28, 2019

United States District Court
Hon. Andrew L. Carter, Jr.
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
Via ECF and email: ALCARTERNYSDChambers@nysd.uscourts.gov

Re: Ali v. Lawrence K. Marks, et al
Civ. Case No.: 16-cv-01994 (ALC)

Dear Judge Carter:

    I am the attorney for the plaintiff, Eric Ali, who has brought this action alleging a violation of his civil rights whilst in custody. Specifically, the claims before this court are the deliberate indifference, excessive use of force and failure to intervene claims.

    On July 21, 2015 defendants were assigned to Judge Charles Solomon's part and were familiar with plaintiff as a result of plaintiff's prior appearances before Judge Solomon. Plaintiff had distinguished himself as a result of a loud and boisterous outburst at an earlier court appearance.

    When defendants' took charge of the plaintiff he was told in a threatening manner to ensure he apologized to Judge Solomon. Defendant Ramos then forcefully applied the handcuffs onto the wrists of the plaintiff despite it being abundantly clear that the handcuffs were too small for the plaintiff. It took the defendant approximately five minutes to force the handcuffs onto the plaintiff's wrist despite plaintiff's protestation that the cuffs were too tight. Once the plaintiff was handcuffed he immediately informed the defendants that the handcuffs were too tight and were hurting him. The defendants callously ignored the plaintiff and only decided to act once the plaintiff's left hand began to change color and became grossly swollen.

The defendants' defense of Qualified Immunity has to fail under the facts as will be established herein. In order to show an entitlement to qualified immunity, a defendant "must satisfy one of two tests: either that the conduct as alleged did not violate 'clearly established rights' of which a reasonable person would have known, or that it was 'objectively reasonable' to believe that [his/her] acts did not violate the clearly established rights." Finnegan v. Fountain, 915 F.2d 817, 823 (2d Cir. 1990); accord Russo v. City of Bridgeport, 479 F.3d 196, 211 (2d Cir. 2007).

An alternative perspective is that an "official is entitled to qualified immunity (1) if the plaintiff has not alleged a violation of a constitutional right, (2) if that right was not clearly established at the time of the conduct, or (3) if the official's actions were not objectively unreasonable in light of clearly established law." Almonte v. City of Long Beach, 478 F.3d 100 (2d Cir. 2007). The plaintiff has alleged violation of his right to be free from excessive force; deliberate indifference to his safety and medical needs and failure to intervene. These are all "established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

The Supreme Court has held that "deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "To prevail on such a claim, a plaintiff must provide evidence of sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel." Estelle v. Gamble, 429 U.S. at 104–06, 97 S.Ct. 285.

In reference to deliberate indifference to the safety and medical needs of the plaintiff the court has held that "this circuit has continued to adhere to the position that a state prison guard's deliberate indifference to the consequences of his conduct for those under his control and dependent upon him may support a claim under § 1983." Morales v. New York State Department of Corrections. 842 F.2d 27, 30 (2d Cir. 1988) This is because "the Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." Haves v. New York City Department of Corrections. 84 F.3d 614, 620 (2d Cir. 1996). Prison officials are liable for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate." Haves v. New York City Department of Corrections. 84 F.3d 614, 620 (2d Cir. 1996).

The court employs a subjective prong and an objective prong in analyzing a claim for deliberate indifference. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir.1994). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Such a condition of urgency ... may produce death, degeneration or extreme pain." See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir.1996). "Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer

serious harm as a result of his actions or inactions." Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir.2006).

The defendants herein were made aware immediately that the handcuffs were causing the plaintiff significant pain. The very act of struggling to apply the handcuffs on the plaintiff's wrist was a clear sign that once locked it would have been extremely tight on the plaintiff's wrist. As a result of the defendant's actions the plaintiff has lost full use of his hand and underwent surgery in order to alleviate the subsequent injuries sustained.

A failure to intervene claim is appropriate when (1) "such failure permitted fellow officers to violate a suspect's clearly established statutory or constitutional rights of which a reasonable person would have known" and (2) the failure to intervene was "under circumstances making it objectively unreasonable for him to believe that his fellow officers' conduct did not violate those rights." Ricciuti v. New York City Trans. Authority, 124 F.3d 123, 129 (2d Cir. 1997) (quoting O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988)). Additionally, a finding of liability is correct when there was ample opportunity to "intervene to prevent the harm from occurring." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). From the point in time when Defendant Ramos was forcing the handcuff onto the plaintiff's wrist a failure to intervene claim commenced as co-defendants witnessed or were aware of the excessively tight handcuffs and failed to take action until the plaintiff's hand was terribly swollen and changing color.

"Overly tight handcuffing can constitute excessive force." Lynch ex rel. Lynch v. City of Mount Vernon, 567 F.Supp.2d 459, 468 (S.D.N.Y.2008). "In evaluating the reasonableness of handcuffing, a Court is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists." Esmont v. The City of New York, 371 F.Supp.2d 202. As always, this inquiry must reflect the totality of the circumstances, including any facts that bear on whether use of an unusual degree of force may have been justified. See Matthews v. City of New York, 889 F.Supp.2d 418, 442–43 (E.D.N.Y. Sept. 5, 2012). The facts herein clearly will establish that the plaintiff was compliant at all times, notwithstanding his protestation at the inception of the handcuffing that the cuffs were too small. The defendants did not have a reasonable basis for their actions lending itself to the conclusion that their actions were deliberate and intentional.

Very truly yours,

Adrian A. Ellis

AAE:sb
Cc: Jonathan Conley via email